IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ANTONIO LENARD BUEY,

      Petitioner,

v.                                                            Case No. 1:19-cv-00721


WARDEN,
FCI McDowell,

      Respondent.


**PROPOSED FINDINGS AND RECOMMENDATIONS**

      Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Respondent's request for dismissal. (ECF Nos. 1, 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition, (ECF No. 1), be **DENIED**, that Respondent's request for dismissal, (ECF No. 10), be **GRANTED**, and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

I.    **Relevant History**

      On February 22, 2010, a federal grand jury, sitting in the Middle District of North Carolina, returned a superseding indictment charging Petitioner, Antonio Lenard Buey ("Buey"), with federal controlled substance crimes. *United States v. Buey*, No. 1:10-cr-

00062-NCT-1 (M.D.N.C. Feb. 22, 2010) at ECF No. 1. Specifically, the indictment charged Buey with unlawfully distributing 52.9 grams of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) ("Count One"); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"); selling a firearm in and affecting commerce while having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ("Count Three"); and unlawfully distributing 29.1 grams of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count Four"). *Id.* at 1-3.

On October 15, 2010, Buey entered into a plea agreement whereby he pled guilty to Counts One and Two of the indictment. *Id.* at ECF No. 15 at 7. In return, the United States agreed to dismiss the remaining counts contained in the indictment, and to recommend that Buey be granted a decrease in his United States Sentencing Guidelines ("Guidelines") offense level pursuant to Section 3E1.1(b) of the Guidelines. *Id.* at 4-5. Buey agreed that he was factually guilty of the crimes contained in Counts One and Two of the indictment, and that the illegal conduct related to Count One of the indictment involved 50 grams or more of cocaine base. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 15 at 5. Buey acknowledged that the statutory penalty under Count One permitted a term of imprisonment of not less than 10 years, or more than life, and that the statutory penalty as to Count Two required him to serve a term of imprisonment of at least five years, and this term of imprisonment would be set to run consecutively to the term imposed on Count One. *Id.* at 2.

A Change of Plea Hearing was held in the United States District Court for the Middle District of North Carolina ("District Court) on October 19, 2010, regarding the

plea agreement. *Id.* at ECF No. 26. Buey indicated that he was satisfied with his attorney's performance, and understood the terms of the plea agreement. *Id.* at 6-7. The District Court detailed the rights Buey would waive by entering a guilty plea at length, and Buey indicated that he understood these rights and assented to their forfeiture. *Id.* at 8-13. The District Court next discussed the penalties associated with each Count, and Buey asserted that he understood the penalties he faced by pleading guilty. *Id.* at 13-16. Buey acknowledged that he was factually guilty of the crimes to which he pled guilty and that, in full understanding of his rights, he wished to enter the guilty plea. *Id.* at 22. The District Court accordingly accepted Buey's guilty plea, finding it was "knowingly and voluntarily entered, that [Buey] understands the nature of the charges, the consequences of pleading guilty to those charges, that the pleas have been voluntarily and knowingly entered, and that there is a factual basis to support each of those pleas of guilty." *Id.*

Buey's sentencing hearing was held on March 10, 2011. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 25. At the hearing, Buey raised two challenges to the Presentence Report (PSR), arguing that a statement allegedly made by Buey during the course of a drug sale was inaccurate, and making a claim related to the application of the Fair Sentencing Act ("FSA") to Buey's sentence. *Id.* at 2-8. Buey made no other objections to the PSR. *Id.* at 8. Buey's recommended Guidelines range was enhanced by the fact that he was determined to be a career offender. *Id.* at 11.The District Court adopted the PSR, and concluded that Buey's recommended Guidelines sentencing range was 322 to 387 months. *Id.* at 8. In determining the correct sentence, the District Court detailed Buey's prior criminal history at length, and concluded that "in looking at the prior offenses, there is no way that I can find, based on the information before the Court, that the criminal offender category in some way overrepresents ... Buey's past." *Id.* at 22. The District Court

concluded that the appropriate sentence was 240 months in prison on Count One, and 60 months in prison on Count Two, to be served consecutively, as well as a five-year concurrent period of supervised release under both Counts. *Id.* at 23.

Buey entered a Notice of Appeal on May 31, 2011. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 20. On February 6, 2012 the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") entered an Order directing that, in accordance with the United States' motion to remand, the case be remanded to the District Court in order for Buey to be resentenced under the FSA. *Id.* at ECF No. 27.

Buey's resentencing hearing was held on April 20, 2012. *Id.* at ECF No. 39. At the hearing, the attorney representing the United States noted that the case had been remanded as the Department of Justice had recently changed its position regarding whether the FSA should apply to defendants such as Buey, who were sentenced after the Act became effective, but due to conduct which occurred before the effective date. *Id.* at 3. The District Court therefore agreed to conduct the resentencing in accordance with the FSA. *Id.* at 3-4. Under the recalculation made pursuant to the FSA, Buey's new Guidelines sentencing range was 262 to 327 months in prison. *Id.* at 5.

The District Court began by noting that it had previously granted Buey a downward variance with respect to his recommended Guidelines sentence, considering the relevant statutory factors. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 39 at 13, 18. In determining the correct sentence, the District Court stated that "[i]n considering the 3553(a) factors, of course, the advisory guidelines are one of the factors to consider; and if you remove the 60 months from the guidelines, then they still are rather high and certainly include the sentence that I had imposed considering the 3553(a) factors before." *Id.* at 21. The District Court determined that, in light of the change in the suggested Guidelines range, Buey's

conduct while incarcerated, as well as the testimony presented at the hearing, an additional downward variance was warranted. *Id.* The District Court accordingly found "that a sentence of 190 months plus 60 months for a total of 250 months is the result of applying the 3553(a) factors in … Buey's case." *Id.*

On May 31, 2012, Buey entered a Notice of Appeal of the District Court's judgment. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 34. On February 12, 2013, the Fourth Circuit dismissed the appeal, noting that Buey's attorney had filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, and that Buey had been given the opportunity to file a *pro se* brief but had not done so. *Id.* at ECF No. 42 at 2.

On February 5, 2014, Buey submitted a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the District Court and a memorandum brief in support. *Id.* at ECF Nos. 45, 46. In the petition, Buey asserted that he no longer qualified as a career offender in light of recent decisions issued by the Fourth Circuit and the Supreme Court of the United States ("Supreme Court"). *Id.* at ECF No. 46 at 1. Specifically, Buey stated that the Fourth Circuit decisions in *Miller v. United States,* 735 F.3d 141 (4th Cir. 2013), *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), as well as the Supreme Court decisions in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) entitled him to relief. *Id.* at 7. Buey asserted that the *Miller* and *Simmons* decisions invalidated the use of his prior convictions to establish his status as a career offender under the Guidelines. *Id.* at 8. Buey also contended that the Fourth Circuit decision in *Davis* revealed that the District Court erred in calculating his criminal history score because his prior convictions were

consolidated in a single sentence, and because he did not receive an actual sentence of more than one year on all predicate offenses. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 46 at 9-10.

On May 8, 2014, Buey submitted a Supplemental Brief in Support of Habeas Corpus. *Id.* at ECF No. 49. In the brief, Buey argued that a recent Fourth Circuit decision, *Whiteside v. United States*, 748 F.3d 541, 543 (4th Cir. 2014), entitled him to relief.[1] *Id.* at 1. The United States filed a response to Buey's petition on July 31, 2014, arguing that Buey was ineligible for relief as the District Court correctly determined that he was a career offender. *Id.* at ECF No. 52 at 6. On August 13, 2014, Buey submitted a Reply to the United States' response, disputing the arguments raised by the United States. *Id.* at ECF No. 54. On September 17, 2015, Buey filed an Addendum to his Habeas Petition, contending that the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and recent Fourth Circuit decision in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), supported his arguments for relief. *Id.* at ECF No. 55 at 2-3.

On September 21, 2015, a United States Magistrate Judge entered a Recommendation, proposing that Buey's § 2255 petition be dismissed as all of his claims alleged errors in the calculation of his advisory Guidelines sentence, and challenges of this nature were not cognizable in habeas review. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 56 at 1-2. On October 19, 2015, Buey submitted Objections to the Recommendation. *Id.* at ECF No. 58. Buey disputed the finding that his claim he was improperly designated as a career offender under the Guidelines was not cognizable in a § 2255 petition, and also asserted that his attorney had improperly declined to raise issues on direct appeal. *Id.* at

---

[1] That decision was subsequently overturned on rehearing *en banc* in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014).

2-5. On November 12, 2015, Buey submitted a motion entitled Addendum to Petitioner's Habeas Corpus Petition and Request to Expand the Record. *Id.* at ECF No. 59. Buey contended that a recent decision issued by the United States District Court for the Eastern District of North Carolina, *United States v. Geddie*, 125 F. Supp. 3d 592 (E.D.N.C. 2015), held that a prior offense used to establish his status as a career offender—specifically, a conviction for assault with a deadly weapon on a government official under North Carolina state law—should not have qualified as a valid predicate offense. *Id.* at 1, 10.

On May 4, 2016, the District Court overruled Buey's objections, and adopted the Recommendation of the United States Magistrate Judge, holding that Buey's objections did not disturb the findings contained in the Recommendation. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 60 at 1. Finding no substantial issue for appeal, the District Court additionally declined to issue a certificate of appealability. *Id.* at 2. Buey appealed the dismissal of his § 2255 habeas petition on May 12, 2016. *Id.* at ECF No. 62.

On June 13, 2016, Buey filed a Motion requesting authorization to file a second or successive § 2255 petition in the Fourth Circuit. *In re: Antonio Buey*, Case No. 16-9213, (4th Cir. 2016), at Document No. 2. Buey asserted that, following the Supreme Court decision in *Johnson v. United States*, his prior conviction for assault with a deadly weapon on a government official under North Carolina state law no longer qualified as a predicate offense for the purposes of Buey's career offender enhancement. *Id.* at 5-6. On June 23, 2016, the Fourth Circuit denied Buey's request for authorization to file a second or successive § 2255 petition. *Id.*, at Document No. 7. The Fourth Circuit noted that, "[a]ccording to Buey's [PSR], he has three convictions of controlled substance offenses that qualify as predicate felonies for career offender status." *Id.* at 2. As such, the Fourth Circuit declined to address his argument that *Johnson* invalidated the use of his prior

conviction as a qualifying crime of violence under the Guidelines. *Id.*

On February 6, 2017, the Fourth Circuit denied Buey's appeal of the District Court's dismissal of his § 2255 petition. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 67. The Fourth Circuit noted that the District Court had declined to issue a certificate of appealability, and determined that Buey had failed to demonstrate that reasonable jurists would find the District Court's determination was debatable or wrong. *Id.* at 2. The Fourth Circuit accordingly denied a certificate of appealability and dismissed the appeal. *Id.* On May 15, 2017, the Supreme Court refused Buey's petition for a *writ of certiorari. Id.* at ECF No. 70 at 1.

Buey submitted the instant § 2241 petition, as well as a memorandum in support, on October 4, 2019. (ECF Nos. 1, 2). In the petition, he argues that his prior convictions no longer qualify as valid predicate offenses, rendering invalid the application of the career offender Guidelines enhancement to his sentence. (ECF No. 1 at 6). Buey contends that, in light of the Supreme Court decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the Fourth Circuit decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he is entitled to resentencing without the application of the career offender enhancement. (*Id.* at 7). Buey further contends that pursuant to the Supreme Court case, *Dean v. United States*, 137 S. Ct. 1170 (2017), he "must be resentenced to a five-year sentence under [S]ection 924(c) and a one-day sentence for the predicate crime." (*Id.*).

In his accompanying memorandum of law, Buey elaborates on these claims, asserting that he is "actually innocent" of the career offender enhancement applied to his sentence. (ECF No. 2 at 13). Buey states that he is entitled to raise his claims through a § 2241 petition pursuant to the test announced in *United States v. Wheeler*, 886 F.3d 415

8

(4th Cir. 2018), because both *Mathis* and *Descamps* involved the interpretation of statutory law. (*Id.* at 13-14). Buey believes these decisions eliminate his prior controlled substance offenses as predicate offense necessary to establish his career offender status under the Guidelines. He expounds upon this argument at length. (*Id.* at 20-30). Buey additionally contends that the Fourth Circuit's decision in *Simmons* demonstrates that the prior convictions were inappropriately considered as predicate offenses, because the sentence he received for the offenses did not exceed one year. (*Id.* at 30). Finally, Buey argues that, in light of the Supreme Court's decision in *Dean,* he should be resentenced to allow the District Court to consider whether his sentence is eligible for a discretionary reduction. (*Id.* at 33-35).

On January 3, 2020, Respondent submitted a Response to Order to Show Cause and Motion to Dismiss Petition, or in the Alternative, to Transfer. (ECF No. 10). Respondent argues that Buey is unable to rely on the *Simmons* and *Descamps* decisions, because those decisions were issued prior to the conclusion of his first 2255 petition. (*Id.* at 6). Buey is additionally unable to rely on *Mathis* and *Descamps*, according to Respondent, because they have not been declared to apply retroactively on collateral review. (*Id.*). Respondent contends that the decision in *Dean* has likewise not been declared to apply retroactively on collateral review. (*Id.* at 6-7). Finally, Respondent urges this Court to dismiss Buey's petition, rather than treating it as a misfiled § 2255 petition and transferring it to the appropriate court. Respondent believes that Buey "is merely recycling many of the same arguments he asserted in his first § 2255 motion and on which he received adverse rulings," rendering any such transfer futile. (*Id.* at 9).

Buey submitted a Reply to Respondent's request for dismissal on March 19, 2020. (ECF No. 14). In the Reply, Buey disputes Respondent's contention that he is unable to

raise his claims via § 2241. (*Id.* at 4). Buey believes that he is able to proceed using this procedural mechanism pursuant to the Supreme Court's decision in *Mathis*. (*Id.*). Buey asserts that, contrary to Respondent's contention, the decisions in *Mathis* and *Descamps* are retroactively applicable on collateral review and allow him to raise the claims in his petition. (*Id.* at 4-5). Buey states that as the misapplication of the career offender enhancement resulted in a longer sentence, the error resulted in a "miscarriage of justice," establishing his entitlement to proceed under the savings clause. (*Id.* at 7-8).

## II.   <u>Standard of Review</u>

Respondent requests that Buey's petition be dismissed. (ECF No. 10 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable

conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III.    <u>Discussion</u>

### A. Challenge to career offender enhancement

Buey alleges that several intervening decisions by the Fourth Circuit and Supreme Court have rendered the application of the career offender enhancement to his recommended Guidelines sentence invalid. (ECF No. 2 at 20-30). With respect to this contention, Buey is clearly challenging the legality of his sentence, rather than the execution of his sentence. Accordingly, Buey's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir.

2018). The Fourth Circuit held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed.Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed.Appx. 268 (4th Cir. 2014).

### 1. Buey is not entitled to use the savings clause

*i.) Ability to challenge Guidelines error in habeas review*

Respondent argues that Buey may not attack his sentence on these grounds because he is challenging the application of his advisory Guidelines sentencing range, and the Fourth Circuit has previously held that challenges of this nature are not susceptible to habeas review. (ECF No. 10 at 3). Respondent is correct that the Fourth Circuit held in *United States v. Foote*, 784 F.3d 931, 941 (4th Cir. 2015) that the advisory nature of the Guidelines means that an error in their application does not result in a "fundamental defect or a complete miscarriage of justice" as required to utilize the savings clause. The Fourth Circuit has continually reaffirmed that the advisory nature of the Guidelines renders an error in their calculation a non-fundamental defect. *See Lester v. Flournoy,* 909 F.3d 708, 715 (4th Cir. 2018) (error in guidelines calculation was fundamental error where petitioner sentenced under pre-*Booker* mandatory guidelines, but "*Foote* undoubtedly would bar [the petitioner's] petition had he been sentenced under the advisory Guidelines."); *see also Gomez v. Young*, No. 5:17-CV-01383, 2019 WL 896263, at *3 (S.D.W. Va. Feb. 22, 2019), *aff'd*, 771 F. App'x 320 (4th Cir. 2019) ("The Fourth

Circuit later held that 'a misapplied career offender enhancement' under the advisory Guidelines would likewise not be a fundamental defect for purposes of the savings clause in § 2241 petitions.") (quoting *Lester*, 909 F.3d at 715); *Kornegay v. Warden, FCI Butner*, 748 Fed. Appx. 513, 514 (4th Cir. 2019) (denying § 2241 petition because "[the petitioner] was sentenced under the advisory Guidelines and *Foote* bars his petition.") (unpublished).

Recently, the Fourth Circuit again addressed the distinction between errors which result in the misapplication of a mandatory sentence enhancement, and those which result in the enhancement of an advisory Guidelines sentencing range. *See Braswell v. Smith*, No. 19-6200, 2020 WL 1035652, at *7 (4th Cir. Mar. 4, 2020). In that case, the Fourth Circuit found that the petitioner was entitled to use the savings clause to challenge an error which resulted in the increase of his mandatory minimum sentence. *Id.* In doing so, the Fourth Circuit stated "[w]e make clear, however, that [the petitioner's] satisfaction of prong four is based on the increase in his mandatory minimum, not on his career offender designation." The *Braswell* Court made clear that where a "petitioner was sentenced as a career offender 'under an advisory Guidelines scheme," no "fundamental defect or a complete miscarriage of justice" has occurred, even if the career offender designation was made in error. *Id.* (quoting *Foote*, 784 F.3d at 932).

Buey in his petition raises claims of errors made in the calculation of his Guidelines sentencing range, alleging that he was erroneously designated a career offender. (ECF No. 1 at 6). Assuming *arguendo* that Buey is correct, and that changes in law have made his Guidelines range retroactively erroneous, his claim simply is not cognizable in a § 2241 petition. Accordingly, the undersigned **FINDS** that Buey's claim of Guidelines error should be dismissed.

*ii.) The District Court departed from the Guidelines range*

Even if Buey's claim of Guidelines error was not barred by his inability to raise the claim in a § 2241 petition, it would not entitle him to relief as the District Court explicitly departed from the recommended Guidelines range in fashioning Buey's sentence. The Fourth Circuit has recently held that "[i]t is well established that we will not vacate a sentence if we determine that the district court's improper calculation of the Guidelines advisory sentencing range was harmless." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019). As the Fourth Circuit explained, "'[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. ... The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range.'" *Id.* (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016)). "Put a little differently, it would make no sense to set aside [a] reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) (quotation omitted). A determination that a district court believed the sentence it imposed to be reasonable regardless of the suggested Guidelines range may be based on the district court's explicit statement to that affect or, based on reliable indications made by the district court that it considered the sentence imposed to be fair and appropriate. *Id.* at 124; *see also United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017).

In Buey's case, the District Court explicitly departed from the recommended Guidelines range in imposing the sentence and determined that a downward variance was warranted. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 25. Buey's advisory Guidelines

sentencing range with the career offender enhancement was 322 to 387 months in prison. *Id.* at 8. In calculating an appropriate sentence, the District Court engaged in an extended discussion of Buey's criminal history and mitigating factors. *Id.* at 17-23. The District Court stated:

> You know, quite frankly, I have examined your record. That is a long time under the 3553(a) factors. I've tried to go through there and find things that would be helpful in applying to you in a sentencing. I have a hard time finding that. You know, you just made a lot of bad choices at different times, when you had the opportunity and reasons not to.

*Id.* at 18. The District Court ultimately determined that departure from the Guidelines was warranted due to several mitigating factors, and imposed a sentence of 240 months on Count 1 and 60 months on Count 6, finding that this sentence more accurately comported with the statutory factors. *Id.* at 22-23.

The District Court again considered what an appropriate sentence for Buey should be after the case was remanded for resentencing under the FSA. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 39. Under the recalculation made pursuant to the FSA, Buey's new advisory Guidelines sentencing range was 262 to 327 months in prison. *Id.* at 5. The District noted that at the previous sentencing hearing, "I varied downward according to the 3553(a) factors, meaning I considered all of those things at that time and came down, and where I came is within the recast guideline range. So that was already considering just the 3553(a) factors to that point." *Id.* at 13. Buey's counsel requested that the District Court "give [Buey] the same variance that you did the last time, which would be about a 10-percent variance from the low end [of the Guidelines range]." *Id.* at 18. The District Court stated in response:

> That's what I was talking about now. This is not a formulaic approach because I did apply the 3553(a) factors. It wasn't down from a guideline range so much as it was applying those factors. That's what we still need to

> do. It's not finding a bottom of a range and going 10 percent below
> something. If there is any change at all, it has to be based on the change in
> character –

*Id.* The District Court further noted that "[c]ertainly, the guideline range has changed,

and I will take that into consideration some…" *Id.* at 18-19. The District Court ultimately

determined that, in light of the change in the suggested Guidelines range, Buey's conduct

while incarcerated, as well as the testimony presented at the hearing, an additional

downward variance was warranted. *Id.* at 21 The District Court accordingly found "that a

sentence of 190 months plus 60 months for a total of 250 months is the result of applying

the 3553(a) factors in … Buey's case." *Id.*

Under these circumstances, even assuming that there was an error in Buey's

Guidelines calculation, he is not entitled to relief as it is clear the sentence imposed by the

District Court was not driven by any error made in the Guidelines calculation. The District

Court explicitly noted that the initial sentence was driven by the statutory factors, not the

Guidelines range, and went on to grant a further reduction, again relying primarily on the

statutory sentencing factors. *Id.* at 13, 21. It is clear from the record of Buey's sentencing

that any error in Buey's assigned Guidelines range was harmless and he would not receive

a lower sentence if granted his request for resentencing without the application of the

career offender enhancement. Accordingly, the undersigned **FINDS** that Buey's claims

for relief on these grounds should be dismissed.

### B. Claim based on *Dean v. United States*

Buey asserts that in light of the Supreme Court decision in *Dean v. United States*,

he must be resentenced to a ten-year sentence under Count One, and a five-year sentence

under Count Two, resulting in a total sentence of 121 months. (ECF No. 2 at 35). In *Dean*,

the Supreme Court considered the effect of a conviction under § 924(c) on a district

court's ability to discretionarily reduce a defendant's sentence. *See* 137 S. Ct. at 1174. Section 924(c) makes it a separate offense to utilize or possess a firearm in connection with either a violent crime or drug trafficking crime. *Id.* The statute mandates, for first-time offenders, a five-year minimum sentence which must be served consecutively to any sentence for the underlying predicate offense. *Id.* The Supreme Court in *Dean* considered "whether, in calculating the sentence for the predicate offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)." *Id.*

The Supreme Court determined that the language of § 924(c), which states that the mandatory term imposed must be imposed "in addition to" the punishment for the underlying crime, did not operate to bar a district court from considering the total sentence a defendant would face when fashioning an appropriate sentence for the underlying conviction. *Id.* at 1174-77. Accordingly, the *Dean* Court noted, a district court would not be barred by the terms of the statute from imposing a sentence of even one-day for the underlying count, if it believed the total sentence imposed was appropriate. *Id.* at 1177. As the district court in the case below had explicitly noted that it believed a term of one-day for the underlying offense, in conjunction with the applicable mandatory sentence under § 924(c), was "more than sufficient for a sentence in this case," but believed it was barred from imposing such a sentence by the terms of the statute, the Supreme Court reversed and remanded the case to the court below. *Id.* at 1175, 1177.

Buey is not able to raise his claim based on this case using the savings clause. This Court, as well as the Fourth Circuit and other courts in this Circuit, have found that the decision in *Dean* does not apply retroactively on collateral review. *See Diaz v. Warden, FCI Beckley,* No. 5:18-CV-00248, 2019 WL 6717635, at *1 (S.D.W. Va. Dec. 10, 2019) ("[C]ourts have consistently held that *Dean* 'does not represent a substantive change in

the law that applies retroactively on collateral review.'") (quoting *Adams v. Coakley*, No. 1:17CV180, 2019 WL 3428549, at *3 (N.D.W. Va. July 30, 2019)); *see also Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1364 (2019) ("[The petitioner] fails to meet the requirements of the savings clause because *Dean* has not been held to apply retroactively to cases on collateral review.") (citing *In re Dockery*, 869 F.3d 356, 356 (5th Cir. 2017)); *Taylor v. United States*, No. 3:05-CR-00297-FDW-1, 2019 WL 1804846, at *3 (W.D.N.C. Apr. 24, 2019) ("Additionally, *Dean* has not been 'deemed to apply retroactively' to cases on collateral review."); *Wilkerson v. Warden Williamsburg Fed. Corr. Inst.*, No. 1:18CV211, 2020 WL 760397, at *5 (N.D.W. Va. Feb. 14, 2020) (same) (collecting cases). Accordingly, Buey fails to meet the second prong of the test announced in *Wheeler,* which requires that a change in law be "deemed to apply retroactively on collateral review." *See* 886 F.3d at 429. The undersigned therefore **FINDS** that Buey may not raise this claim via a § 2241 petition.

An additional barrier to Buey's claim based on *Dean* is that the District Court clearly recognized its discretion to reduce his sentence for the underlying crime despite the application of the mandatory minimum sentence supplied by the § 924(c) conviction. The Fourth Circuit has recognized that where a district court has indicated it was aware of its discretion to vary downward from the advisory Guidelines range, a remand for resentencing pursuant to the decision in *Dean* is unnecessary. *See United States v. El-Amin,* 699 F. App'x 177, 178 (4th Cir. 2017) ( "[W]e conclude that *Dean* does not impact [the appellant's] case, as the district court recognized its discretion to vary downward from [the appellant's] Sentencing Guidelines range pursuant to the § 3553(a) factors.") (unpublished); *see also United States v. Dorsey*, 744 F. App'x 130, 134 (4th Cir. 2018) (*Dean* not applicable where district court clearly indicated its belief that sentence

imposed was appropriate) (unpublished); *Sarvis v. United States*, No. 7:11-CR-83-D, 2018 WL 4855206, at \*2 (E.D.N.C. Oct. 5, 2018) (*Dean* not applicable where district court "understood its authority to vary"); *Taylor v. United States*, No. 5:15-CR-148-BO, 2018 WL 3352645, at \*2 (E.D.N.C. July 5, 2018) ("When a district court recognizes its power to fashion a just sentence, *Dean* does not apply, because the problem in *Dean* was the sentencing court's failure to reckon with its own authority."). As explained in full above, the District Court in this case clearly recognized its authority to fashion an equitable sentence under the statutory factors contained § 3553(a). *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 39 at 13, 18. As the District Court in this case made clear that the sentence assigned was driven by the application of the statutory factors, and not a mistaken belief that it was barred from varying downward to impose a just sentence, *Dean* is not applicable. Accordingly, the undersigned **FINDS** that Buey cannot proceed on this claim.

### C. Transfer or dismissal of claims

As Buey is unable to proceed under § 2241 in this Court, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Buey's action, then he will be required to pursue his claim in the United States District Court for the Middle District of North Carolina. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Buey's petition as a § 2255 motion and transfer it to the sentencing court; however, the undersigned **FINDS** no purpose in this exercise. Buey's apparent lack of authorization from the Fourth Circuit to file a successive § 2255 motion,

as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at \*2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at \*2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

Notably, the Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 Fed. Appx. 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous).

For an appellate court to grant a request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Buey's claim, it appears that a transfer is not warranted because Buey does not satisfy the requirements of 28 U.S.C. § 2255(h). *Phillips*, 173 F.3d at 610.

## 1. Claim of Guidelines error

As an initial matter, this claim would not be cognizable in a § 2255 petition because, as noted above, the Fourth Circuit has held that a claim of Guidelines error is not cognizable in a petition for habeas relief. *See Foote,* 784 F.3d at 936; *see also McKinney v. United States*, No. 3:14-CR-00255-1, 2019 WL 3243939, at *5 (S.D.W. Va. June 27, 2019), *report and recommendation adopted*, No. CR 3:14-00255-01, 2019 WL 3244116 (S.D.W. Va. July 18, 2019) ("Thus, even a misapplication of the career offender enhancement under the advisory guidelines based upon the circumstances presented herein is not cognizable in this section 2255 proceeding."). Accordingly, the undersigned **FINDS** that transferring Buey's claims of Guidelines error to the Fourth Circuit would be a waste of judicial resources.

Buey additionally has not identified any retroactively applicable Supreme Court case or newly discovered facts which would entitle him to file a second or successive petition under § 2255(h). Buey asserts that he is relying on the Supreme Court decision in *Mathis* and *Descamps* to establish that his career offender designation is now erroneous. (ECF No. 1 at 7). However, neither of those decisions apply retroactively on collateral review as required to submit a second or successive § 2255 petition. While Buey asserts in his Reply to Respondent's request for dismissal that these cases do apply retroactively, and cites to a Seventh Circuit case in support, (ECF No. 14 at 5), his assertion is simply inaccurate with respect to the law governing this petition as this Court has repeatedly held that these decisions do not apply retroactively on collateral review. *See Diaz,* No. 5:18-CV-00248, 2019 WL 6717635, at *1 (holding that both *Mathis* and *Descamps* do not apply retroactively on collateral review) (collecting cases); *Sandlain v. Rickard*, No. CV 1:19-00072, 2020 WL 890235, at *3 (S.D.W. Va. Feb. 24, 2020) (same).

Buey's reliance on the Fourth Circuit's decision in *Simmons,* is likewise unavailing. *Simmons* was decided in 2011. *See* 649 F.3d at 239. It was declared to be a new substantive rule that is retroactive on collateral review in 2013. *See Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). Buey filed his first § 2255 petition in February 2014. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 45. Accordingly, Buey could, and in fact did, rely on the decision in *Simmons* in his first Section 2255 petition. *Id.* at ECF No. 46 at 7. Consequently, Buey is unable to show that this decision was "previously unavailable" as required to file a second or successive habeas petition.[2] *See* 28 U.S.C. § 2255(h)(2);

---

[2] Buey is additionally barred from relying on this case to file a second or successive habeas petition as it is a decision issued by the Fourth Circuit, and § 2255(h) requires that the new rule of constitutional law be issued by the Supreme Court, not the circuit courts. *See Hueso v. Barnhart*, 948 F.3d 324, 334 (6th Cir. 2020).

*Santillana v. Collins*, No. 5:14-CV-12474, 2015 WL 852328, at *8 n.6 (S.D.W. Va. Jan. 14, 2015), *report and recommendation adopted*, No. 5:14-CV-12474, 2015 WL 852335 (S.D.W. Va. Feb. 26, 2015). As Buey's claim he was inappropriately labeled a career offender is both not cognizable in a habeas petition, and does not rely on new and retroactively applicable constitutional law as announced by the Supreme Court, the undersigned **FINDS** that transfer of this claim would be futile.

### 2. Claim based on *Dean*

Buey's claim based on *Dean* does not establish he is entitled to file a second or successive habeas petition for the same reasons that he is unable to raise this claim via the savings clause. As discussed above, *Dean* has not been held to apply retroactively on collateral review. *See Diaz*, No. 5:18-CV-00248, 2019 WL 6717635, at *1. Additionally, the record of Buey's sentencing hearing makes clear that the District Court imposed a sentence it believed just. *Buey*, No. 1:10-cr-00062-NCT-1 at ECF No. 39 at 13, 18. The situation presented in *Dean*, where the district court believed a lower sentence would be sufficient, but mistakenly believed it did not have the authority to impose that sentence, is not present in this case as the District Court here clearly articulated why the sentence it imposed was appropriate and in accordance with the statutory sentencing factors. *See Taylor*, No. 5:15-CR-148-BO, 2018 WL 3352645, at *2. Accordingly, the undersigned **FINDS** that transfer of this claim to the Fourth Circuit would be futile.

### IV.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's requests for dismissal, (ECF

No. 10), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** April 1, 2020

Cheryl A. Eifert
United States Magistrate Judge