IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ANTONIO LENARD BUEY,

    Petitioner,

v.                              CIVIL ACTION NO. 1:19-00721

WARDEN, FCI McDOWELL,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on April 1, 2020, in which she recommended that the court deny petitioner's petition for writ of habeas corpus, grant respondent's motion to dismiss, dismiss this action with prejudice, and remove this case from the court's active docket. (See ECF No. 15.)

    In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections within the time allowed constitutes a waiver of

1

such party's right to a *de novo* review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

On April 13, 2020, petitioner, acting *pro se*, filed a motion seeking a thirty-day extension of time to file objections to the PF&R, due to lockdowns hampering petitioner's ability to properly research and present his response to the PF&R. (<u>See</u> ECF No. 16.) On April 14, 2020, the court granted petitioner's motion and gave him until May 20, 2020, to file objections. Petitioner timely filed objections.

I. **Factual Background**

Magistrate Judge Eifert's PF&R lays out the background to this petition in depth, and petitioner agrees that it is accurate (<u>see</u> ECF 18, at 2 ("Petitioner does not object or take exception to this section.")). To summarize, on October 15, 2010, in the United States Court for the Middle District of North Carolina, petitioner pled guilty to one count of unlawful distribution of a controlled substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On March 10, 2011, the district court sentenced petitioner to a total term of 300 months of imprisonment and 5 years of supervised release. This term of imprisonment was below the

2

guidelines range of 322 to 387 months.  At his sentencing, petitioner did not object to the district court's finding that he was a career offender.  At a resentencing on April 20, 2012, the district court sentenced petitioner to a total term of imprisonment of 250 months.  This sentence, too, was below the guidelines range, which had shifted to 262 to 327 months.  The PF&R explains in detail how, at both sentencings, the district court indicated that the guidelines range did not constrain its discretion in determining what sentences were appropriate.  For example, at the resentencing, the district court stated, "This is not a formulaic approach because I did apply the 3553(a) factors [at the first sentencing].  It wasn't down from a guideline range so much as it was applying those factors.  That's what we still need to do."  (ECF 15, at 16-17.)

On February 5, 2014, after an unsuccessful direct appeal, petitioner sought relief under 28 U.S.C. § 2255, challenging his career offender determination.  On May 4, 2016, the district court dismissed his petition and declined to issue a certificate of appealability.  On June 13, 2016, petitioner sought permission from the Fourth Circuit to file a second § 2255 petition, which the Fourth Circuit denied ten days later.  On October 4, 2019, petitioner filed this petition under 28 U.S.C. § 2241.

II. **Petitioner's Objections**

Petitioner objects to the PF&R's overall conclusion that his claims are not cognizable in § 2241, and more specifically, that he is not entitled to proceed under § 2255(e)'s savings clause. Petitioner relies on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) for his savings clause argument.

Petitioner also objects generally to Magistrate Judge Eifert's proposal that this court accept her findings, as well as to her recommendation that petitioner's petition be denied, that respondent's motion to dismiss be granted, and that this action be dismissed with prejudice.

Petitioner does not object with specificity to any other elements of the PF&R.

III. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Furthermore, *de novo* review is not required and is unnecessary "when a party makes general and conclusory objections that do

not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).

## IV. Discussion

### A. *Standard for Satisfying the Savings Clause Exception*

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc)).  There is, however, an exception under § 2255(e) known as the "savings clause."  See Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019).  As the Fourth Circuit has explained, "The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255(e)."  United States v. Wheeler, 886 F.3d 415, 419 (4th Cir. 2018).

The test for whether the savings clause applies in this circuit comes from In re Jones, 226 F.3d 328, 334 (4th Cir. 2000).  In Wheeler, the Fourth Circuit expanded the Jones test to include challenges to "fundamental sentencing errors" (as opposed to only convictions) and set forth a slightly modified version of the test for such errors:  (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the

6

prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 428-29. (citing Jones, 226 F.3d at 333–34 & n.3).

Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 motion. See Hood v. United States, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. See In re Jones, 226 F.3d at 332-33; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001); see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.") (citations omitted). "The remedy provided under Section 2255(e) opens only

7

a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Hayes v. Ziegler, No. 5:11-CV-00261, 2014 WL 670850, at *6 (S.D.W. Va. Feb. 20, 2014), aff'd, 573 F. App'x 268 (4th Cir. 2014).

### B. *The Savings Clause Does Not Apply*

The court assumes without deciding that the first and third Wheeler prongs are met. But petitioner's claim of entitlement to the savings clause fails on the second and fourth Wheeler prongs. Thus, the savings clause does not apply.

#### i. *Prong Two: A Retroactive Change in the Law*

Petitioner's claim fails on prong two of the Wheeler test. To satisfy prong two, petitioner looks to Mathis v. United States, 136 S. Ct. 2243 (2016); Descamps v. United States, 570 U.S. 254 (2013); and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), but none of these cases satisfies prong two of the Wheeler test. Petitioner must show a change in the law "subsequent to" not only his "direct appeal" but also his "first § 2255 motion." Wheeler, 886 F.3d at 429. Petitioner correctly states that "he could not possibly have raised" his arguments under Descamps and Mathis "at trial" because the Supreme Court decided these cases after petitioner received his sentence, but petitioner fails to mention that he could have raised Descamps, decided in 2013, in his first § 2255 motion, filed in 2014. Likewise, petitioner could have raised Simmons, decided in 2011,

8

in his first § 2255 motion.[1]  Arguments based on these cases fail prong two of the Wheeler test because these cases do not represent changes in the law subsequent to petitioner's first § 2255 motion.

That leaves Mathis, which the Supreme Court decided in 2016.  Mathis is unavailing to petitioner, however, because prong two also requires that the change in the law apply retroactively on collateral review.  Mathis neither created a new change in substantive law nor does it apply retroactively on collateral review.  Muhammad v. Wilson, 715 F. App'x 251, 252 (4th Cir. 2017) ("Mathis did not announce a substantive change to the law.  Rather, these cases reiterated and clarified when to apply the categorical approach or the modified categorical approach"); see also United States v. Saunders, 2017 WL 1612542, at *3 (W.D. Va. Apr. 28, 2017) (holding that "Mathis did not announce a new rule of law" and recognizing "'courts applying Mathis have consistently reached the same conclusion'") (quoting United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016)).

### i.  *Prong Four: A Fundamental Defect*

Petitioner's claim also fails on prong four of the Wheeler test.  Under that prong, petitioner must establish that in light

---

[1] In fact, he did.

of a retroactive change in the law, "the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. But the Fourth Circuit has stated in no uncertain terms that an erroneous career offender designation in the context of a sentencing under advisory—not mandatory— guidelines does not rise to the level of a fundamental error. Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) ("We make clear, however, that Appellant's satisfaction of prong four is based on the increase in his mandatory minimum, *not on his career offender designation*. As we stated in United States v. Foote, a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.' 784 F.3d 931, 932, 941 (4th Cir. 2015)." (emphasis added)). Petitioner's claim that the sentencing court erroneously determined that he was a career offender under advisory sentencing guidelines is simply not a claim of a "fundamental" error under Wheeler. See Foote, 784 F.3d at 942 ("[W]e are not persuaded that Appellant's career offender designation is a defect of a 'fundamental' nature. Courts have not used the term 'fundamental' lightly.").

Had petitioner been sentenced under a *mandatory* guideline scheme, the result would likely be different. See Lester v. Flournoy, 909 F.3d 708, 716 (4th Cir. 2018) ("Where, as here, an

erroneous career offender designation raises a defendant's mandatory prison term from a maximum of 12 ½ years to a minimum of almost 22, the resulting sentence is fundamentally defective."). Reserving the savings clause for mandatory sentencing scenarios is particularly appropriate in a case like this one where the sentencing court acknowledged its discretion to depart from the guidelines on two separate occasions and used its discretion to do so both times.

Petitioner has not demonstrated that an erroneous career offender enhancement increased his statutory mandatory minimum. While the career offender enhancement did increase the Guidelines range, the Guidelines were merely advisory at the time of petitioner's sentencing because petitioner was sentenced in federal court in 2011 and resentenced in 2012. This was well after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which "stripped the Sentencing Guidelines of legal force and made them purely advisory." Lester, 909 F.3d at 710. Therefore, petitioner cannot satisfy the fourth prong of the Wheeler test: a sentence that "presents an error sufficiently grave to be deemed a fundamental defect." 886 F.3d at 429.

The court has reviewed the record, the Magistrate Judge's findings and recommendations, and petitioner's objections. Because petitioner is unable to bear his burden and show that

11

all four criteria for application of the savings clause are met, petitioner's objections are **OVERRULED**.

V. <u>**Conclusion**</u>

The court adopts the Findings and Recommendation of Magistrate Judge Eifert as follows:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**;
2. Respondent's request for dismissal is **GRANTED**;
3. This action is **DISMISSED**; and
4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

12

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 25th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge